**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOSE JAVIER AGUILAR RANGEL,**<br>**Petitioner,**<br>**v.**<br>**DEPARTMENT OF HOMELAND SECURITY IMMIGRATION AND CUSTOMS ENFORCEMENT et al.,**<br>**Respondents.** | **NO. 5:26-cv-05773-KS**<br><br>**MEMORANDUM AND ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2241** |

Before the Court is a Petition for Writ of Habeas Corpus by a Person in Immigration Custody under 28 U.S.C. § 2241 ("Petition") filed by Petitioner Jose Javier Aguilar Rangel on September 25, 2026. (Dkt. No. 1.) On September 28, 2026, Petitioner, who is currently detained in Immigration and Customs Enforcement ("ICE") custody at the Adelanto ICE Processing Center ("Adelanto"), filed a "Memorandum of Law in the Form of a Temporary Restraining Order" ("TRO Request"). (Dkt. No. 7.)

On September 30, 2026, the Clerk's Office issued a Notice of General Order 26-05 and Briefing Schedule. (Dkt. No. 5.) On October 2, 2026, the undersigned Chief Magistrate Judge issued an Order Setting Briefing Schedule as to Petitioner's TRO Request. (Dkt. No. 9.) That Order gave Respondents the option to "file a combined response to the [TRO Request] and the underlying habeas petition." (*Id.*)

Also on October 2, 2026, the parties consented to have this case proceed before a Magistrate Judge for all purposes, including the entry of judgment. (Dkt. Nos. 5, 10.)

On October 5, 2026, Respondents filed a combined Response to the Petition and the TRO Request. (Dkt. No. 12.) The time for filing a reply has passed with none having been filed. The matter is now submitted for decision.

In light of the fact that the claims in the Petition are now fully briefed and the Court here addresses the ultimate issues in this proceeding, the Court **DENIES** the TRO Request as **MOOT**.

## BACKGROUND

Petitioner alleges as follows. He is a 49-year-old citizen of Mexico who "migrated to the United States when [he] was a young teenager" by crossing the "Tijuana San Ysidro border with some friends [he] met in Tijuana" by car. (Dkt. No. 1 at 2, 9.[1]) In the years since, Petitioner has resided in the City of Santa Paula in the United States, has held several different jobs, was married at age 32, and has a 16-year-old daughter. (*Id.* at 9.) Until his recent detention, Petitioner has presumably not had any contact with ICE or any other United States immigration authorities.

On May 16, 2026, Petitioner was arrested at a park in Santa Paula by local sheriff's personnel on a 1997 warrant for domestic violence. (*Id.* at 10.) Petitioner contends the warrant and arrest were erroneous and based on mistaken identity because the warrant was purportedly connected to a "case where I had beaten up my wife in front of my children," but "[i]n 1997 I was only about 20 years old [and] I had not even been married yet little less had any children."

[1] The Court's page citations refer to the page numbers provided by its CM-ECF docketing system near the upper right corner of each page.

(*Id.*) Petitioner was taken to the Ventura County Jail on the charge, where he was held for three days. (*Id.* at 11.) Petitioner was subsequently ordered released when he appeared before a judge based on a lack of "paper work." (*Id.*) On May 18, 2026, as Petitioner was leaving the county jail, he was detained by ICE agents, taken to Los Angeles for processing, and then transported to Adelanto, where he remains detained with removal proceedings initiated against him. (*Id.* at 11-12.)

Petitioner alleges that, to-date, he has not received a bond hearing to determine whether he is a danger to the community or a flight risk. (Dkt. No. 7 at 12.)

**PETITIONER'S CLAIMS FOR RELIEF**

Petitioner primarily contests the validity of the warrant that formed the basis for his initial arrest by local sheriff's personnel, however, he also contends that his prolonged detention without a bond hearing violates the Fifth Amendment Due Process Clause and the Immigration and Nationality Act. (*Id.* at 4-5, 36-45, 61.) Petitioner requests that the Court order his immediate release. (Dkt. No. 1 at 7.)

**RESPONDENTS' ANSWER**

In the combined Response, Respondents argue very generally and without citation to authority that they oppose Petitioner's release from immigration detention "[d]ue to his criminal history" and because "[t]he petition does not allege an adequate basis to justify an order compelling release from detention." (Dkt. No. 12.) However, Respondents "are not presenting an opposition argument with respect to providing Petitioner a bond hearing at this time." (*Id.*)

\\

# LEGAL STANDARDS

## I. Writ of Habeas Corpus

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020).

## II. Due Process Under the Fifth Amendment

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. *See* U.S. Const., amend. V. These protections extend to noncitizens present in the United States. *See, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam) (internal quotation marks omitted) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in the context of removal proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."); *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) (internal quotation and alterations omitted) ("The Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

The Due Process Clause provides both procedural and substantive protections. *See, e.g.*, *Regino v. Staley*, 133 F.4th 951, 959 (9th Cir. 2025) (internal quotation omitted) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process."). To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the *Mathews* test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)). Under *Matthews*, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 332, 335.

**DISCUSSION**

It is undisputed that Petitioner is entitled to the protections of procedural and substantive due process with respect to his immigration detention. *See Trump v. J.G.G.*, 604 U.S. at 673; *Zadvydas*, 533 U.S. at 693; *Hussain*, 985 F.3d at 642.

As to procedural due process, the first and second *Mathews* factors do not weigh in Petitioner's favor, as he has never previously been in ICE detention or released on parole from a prior detention. More specifically, concerning the first *Mathews* factor, "courts in this Circuit, including this one, have found that noncitizens who have been released on parole have a liberty interest in maintaining that liberty" but here, Petitioner was not previously released on parole. Such an individual "does not have a *conditional* liberty interest protected by the Due Process Clause." *Wang v. Janecha*, No. 5:26-cv-4447-BFM, 2026 WL 2584800 (C.D. Cal. Aug. 31, 2026), at *1 (emphasis in original). Further, as to the second *Mathews* factor, "[t]he risk of an

erroneous deprivation of Petitioner's liberty interest" is also not as high here as this as it would be "in cases where noncitizens were conditionally released or paroled." *Jemna v. Warden of Otay Mesa Det. Ctr.*, No. 3:26-cv-00725-RBM-VET, 2026 WL 788172, at *5 (S.D. Cal. Mar. 20, 2026).

However, as to the third *Mathews* factor, the Court finds that "the government's interest in detaining Petitioner *without a bond hearing* is low." *Drake v. Warden*, No. 1:26-cv-02242-KES-CDB (HC), 2026 WL 1601546, at *10 (E.D. Cal. June 4, 2026) (emphasis added); *see also R.I. v. Wofford*, No. 1:25-cv-01637-KES-SKO (HC), 2025 WL 3768205, at *7 (E.D. Cal. Dec. 31, 2025) ("[A]lthough the government has a strong interest in enforcing the immigration laws, the government's interest in detaining petitioner without a hearing is low.") (citation and internal quotation marks omitted); *see also Jensen v. Garland*, No. 5:21-cv-01195-CAS (AFM), 2023 WL 3246522, at *6 (C.D. Cal. May 3, 2023) ("[T]he government's interest in detaining a noncitizen without a bond hearing is not as weighty as the petitioner's interest."); *Galdillo v. United States*, No. EDCV 21-724 JGB (KKx), 2021 WL 4839502, at *3 (C.D. Cal. May 7, 2021) (same).

Based upon the foregoing, in applying the *Mathews* factors to the facts of this case, the Court concludes that, because the first two *Mathews* factors weigh against Petitioner – as is the first time he has ever been in ICE custody – he has failed to establish a procedural due process violation entitling him to immediate release. *Wang*, 2026 WL 2584800, at *1-2. However, considering how heavily the third *Mathews* factor weighs against the government – specifically the government's interest in holding Petitioner *without a bond determination* – the Court finds that the *Mathews* factors ultimately weigh in favor of granting habeas relief in the form of a bond hearing before a neutral arbiter. *See id.* at *3 ("A bond hearing is the primary test of whether detention is excessive to the government's interest in detention." *Id.* (citing *Martinez Leiva v. Becerra*, No. 23-cv-02027-CRB, 2023 WL 3688097, at *5 (N.D. Cal. May 26, 2023)).

## CONCLUSION

For the reasons discussed above, the Court GRANTS the Petition. A writ of habeas corpus shall issue as follows: Within FIVE days of this Order, Respondents shall provide Petitioner with a hearing before a neutral arbiter to determine the validity of his continued detention, i.e., whether Petitioner poses a risk of flight or a danger to the community. Such hearing shall comply with all constitutional and statutory requirements, including procedural and substantive due process. Judgment shall be entered accordingly.

DATE: October 14, 2026

Karen L. Stevenson

HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE